UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER TAYLOR,

        Plaintiff,                Civil No. 2:18-CV-10608
                                                Honorable Terrence G. Berg

v.

JOHN D. O'HAIR, ET AL.,

        Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Pending before the Court is Plaintiff Peter Taylor's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is a state prisoner confined at the Bellamy Creek Correctional Facility in Ionia, Michigan. The Court will deny the complaint because it fails to state a claim upon which relief may be granted.

## I. Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint

seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. Discussion

Plaintiff is incarcerated pursuant to convictions for second-degree murder, two counts of felonious assault, and possession of a firearm during the commission of a felony. The complaint names three defendants: the Wayne County Prosecutor's Office and two prosecutors, John D. O'Hair, formerly the elected County Prosecuting Attorney and

3

a retired Wayne County Circuit Judge, and James D. Gonzales. Plaintiff argues that, in connection with his criminal trial, the prosecutors suppressed material evidence, presented false evidence, and failed to present a *res gestae* witness. He seeks monetary damages between twenty-five and fifty million dollars. Plaintiff's complaint is subject to dismissal for several reasons.

First, the complaint is subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff argues that material evidence related to his criminal conviction was withheld. This claim necessarily challenges the validity of Plaintiff's criminal conviction. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). In *Heck*, 512 U.S. at 486-87, the Supreme Court established that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254, or otherwise invalidated.

4

Because Plaintiff has not achieved such a favorable termination of his criminal case, the complaint is barred by *Heck*.

Second, prosecuting attorneys O'Hair and Gonzales are immune for suit. The common law principle of absolute immunity for prosecutors applies to claims filed under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutors are entitled to absolute prosecutorial immunity for any conduct relating to "initiating a prosecution and ... presenting the State's case." *Id.* at 431. In contrast, when a prosecutor "functions as an administrator" or an investigator "'rather than as an officer of the court' he is entitled only to qualified immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), citing *Imbler*, 424 U.S. at 431 n. 33. Plaintiff's allegations concern conduct related to presenting the State's case. Therefore, defendants O'Hair and Gonzales are immune from suit under § 1983

Finally, a county prosecutor's office is not an entity or person subject to suit under § 1983. *See Briggs v .Moore,* 251 Fed. App'x 77, 79 (3d Cir. 2007); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D.Mich.1982).

## III. Order

IT IS ORDERED THAT:

(1) The civil rights complaint is **DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**.

(2) **IT IS CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: April 24, 2018

### Certificate of Service

I hereby certify that this Order was electronically submitted on April 24, 2018, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager